IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORBIS OPPORTUNITY FUND, LP, OPPORTUNITY FUND (CAYMAN), LP<br><br>Plaintiffs,<br><br>v.<br><br>DAVID ALAN BOYER, SAVANNA LEASING LLC, JOEL PLASCO, PAUL MICHAEL PICKETT, ODYSSEY ENGINES, LLC, and DOES 1 through 50<br><br>Defendants. | Civil Action No. 20-cv-40-RGA |

MEMORANDUM ORDER

Before me is Defendants' motion to dismiss Counts I-III and Count V of Plaintiffs' claims; Plaintiffs' answering brief, which includes a request for leave to amend if necessary; and Defendants' reply brief.  (D.I. 43, D.I. 44, D.I. 45).  I held a video oral argument on June 3, 2020.  For reasons set forth below, I grant Defendants' motion to dismiss Counts II and III, grant Plaintiffs' motion for leave to amend Count I and V, and find the individual Defendants are estopped from asserting lack of personal jurisdiction in this forum.

I.  BACKGROUND

Orbis Opportunity Fund, LP, and Orbis Opportunity Fund (Cayman), LP ("Plaintiffs") entered into an agreement with Savanna Leasing LLC and Odyssey Engines, LLC, and their officers ("Defendants").  (D.I. 1 ¶ 20).  The parties agreed on two joint venture agreements, creating two LLCs, both of which had terms set forth in Limited Liability Company Agreements. *Id*.  The joint ventures were created for the purpose of purchasing aircraft engines, with the intent to then lease the engines to certain airlines, and then divide the revenues from the leases.  (*Id*. ¶

1

21). Plaintiffs allege they were enticed to enter into the agreement after statements made by Defendant David Boyer, a member and representative of Defendant entities, that Odyssey was "managing sixty-five (65) engines, worth approximately $70 million dollars." (*Id*. ¶¶ 18-19).

Once the agreements were finalized, Plaintiffs provided $4,150,000 in capital to purchase engines to lease to the airlines. (*Id*. ¶ 24). After Defendants purchased six aircraft engines, Plaintiffs allege Defendants made "scant payments, and then failed to tender any lease payments or monies whatsoever." (*Id*. ¶ 37). Plaintiffs further allege that after the return or sale of the engines, Defendants kept all proceeds for themselves, "failing to remit monies to Plaintiffs pursuant to the parties' agreements." *Id.*

Plaintiffs brought this action against Defendants in the Southern District of Florida, alleging fraud, breach of fiduciary duty, conversion, breach of contract, negligent misrepresentation, and accounting claims against Defendants. (*Id*. ¶¶ 39-79). Based on mandatory forum selection clauses in the LLC agreements, this action was transferred to the U.S. District Court for the District of Delaware pursuant to a 28 U.S.C. § 1404(a). (D.I. 30). Defendants now seek dismissal of Counts I-III, Count V, and assert lack of personal jurisdiction for the individual Defendants in Delaware.

The Court has jurisdiction based on diversity of citizenship. Section 11.08 of the LLC agreements provides that Delaware law applies to "any litigation, claim or lawsuit directly or indirectly arising out of or related to this Agreement." (D.I. 43, Ex. A at 20).

II.     DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for

failing to meet this standard.  A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  A plaintiff has an obligation to provide more than mere "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 545.

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id*. at 12.  That plausibility must be found on the face of the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### A.  Counts I and V: Fraud and Negligent Misrepresentation

Rule 9(b) requires allegations of fraud to be pled with particularity.  Fed. R. Civ. P. 9(b).  To provide particularity, the plaintiffs must allege the "who, what, when, where, and how of the events at issue." *Raul v. Rynd*, 929 F.Supp.2d 333, 341 (D. Del. 2013).  To plead a claim for fraudulent misrepresentation, a plaintiff must plead 1) a false representation, usually one of fact, made by the defendant; 2) made with the defendant's knowledge or belief that the representation was false, or with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain from acting; 4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and 5) damage to the plaintiff as a result of such reliance.  *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983).  A claim of negligent misrepresentation requires the same elements, except that a plaintiff need not allege that the misrepresentation was made

3

knowingly or recklessly. *See In re Medical Wind Down Holdings III, Inc.*, 332 B.R. 98, 102 (Bankr. D. Del. 2005).

Based on the briefing and oral argument, the specific statements made by Defendant Boyer about the 65 engines and their value appear to be the central focus of Plaintiffs' fraud and negligent misrepresentation claims. The misrepresentation claims made by Plaintiffs that cite five paragraphs of the Limited Liability Company Agreement (D.I. 1 ¶ 41(a)-(e), ¶ 73(a)-(e)) are not actionable as misrepresentations because they arise directly from the contract. As Defendants note, Delaware law requires plaintiffs sue in contract, not tort, when an action is based on breach of contract terms. *See Pinkert v. John J. Olivieri, P.A.*, 2001 WL 641737, at *5 (D. Del. May 24, 2001). Likewise, for the allegations made merely against "Defendants" (D.I. 1 ¶ 42, ¶ 71), Plaintiffs have failed to allege "who", "where", and "how" this allegation enticed them into entering the deal. *See Rynd*, 929 F.Supp.2d at 341.

As their central argument, Plaintiffs allege Defendant Boyer, on behalf of Odyssey and Savannah, orally represented that Odyssey had "considerable experience in the aviation industry and was managing sixty-five (65) engines, worth approximately $70 million dollars" in early 2017. (D.I. 1 ¶ 40, ¶ 72). For the fraud claim, Plaintiffs allege that at the time the representations were made, Defendants knew the representations were untrue, made the representations to entice Plaintiffs to enter into the deal, and Plaintiffs did not know the statements were false. (*Id.* ¶¶ 43-44). For the negligent misrepresentations claim, Plaintiffs allege that at the time the representations were made, Defendants knew or should have known the representations were untrue. (*Id.* ¶ 73).

For the specific statements made by Boyer in 2017, Plaintiffs pled the when (*Id.* ¶ 40), the where (*Id.* ¶ 14), and the what (*Id.* ¶ 16-18, 40-42). Plaintiffs also stated they relied on these

4

misrepresentations to make a capital investment, later learned these representations were false, and as a result were damaged. (*Id*. ¶¶ 46-49). However, the Complaint says nothing about why the Plaintiffs believe Boyer's statements are false. The requirement of particularity must "provide assurance that plaintiff has investigated the alleged fraud and reasonably believes that a wrong has occurred." *Southern Track & Pump, Inc. v. Terex Corp.*, 722 F.Supp.2d 509, 516 (D. Del. 2010). In their Complaint, Plaintiffs have not adequately shown they have investigated the alleged fraud or provided their reasonable belief for why a wrong has occurred. They have not provided a basis for believing these statements are false. Thus, I grant Defendants' motion to dismiss the allegations arising from Boyer's statements, which are the only viable basis for the claims involving misrepresentation. However, during the oral argument, Plaintiffs noted they have reason to believe Defendants were running a Ponzi scheme. The factual basis for such an allegation would provide a reasonable basis to for alleging the statements were false. Therefore, I grant Plaintiffs' motion for leave to amend.

### B. Count II: Breach of Fiduciary Duty

Defendants seek to dismiss Plaintiffs' breach of fiduciary duty allegations. Defendants contend Plaintiffs are barred from alleging a fiduciary duty breach that arises from the same set of facts as the breach of contract. (D.I. 43 at 14). Where a dispute "arises from obligations that are expressly addressed by contract, that dispute will be treated as a breach of contract claim" and thus "any fiduciary claims arising out of the same facts that underlie the contract obligations would be foreclosed as superfluous." *See Nemec v. Shrader*, 991 A.2d 1120, 1129 (Del. 2010). Plaintiffs must plead "distinct harms caused by the defendants that fell outside the scope of their contractual relationship." *Id*.

Plaintiffs contend that fiduciary duties should apply absent any contractual provisions that supplant or modify these duties. (D.I. 44 at 10). Drafters of a limited liability company agreement "must make their intent to eliminate fiduciary duties plain and unambiguous." *Feeley v. NHAOCG, LLC*, 62 A.3d 649, 659-63 (Del. Ch. 2012).

I find Plaintiffs' breach of fiduciary duty claim arises from the same set of facts as the breach of contract claim. Thus, I grant Defendants' motion to dismiss Count II. As the Delaware Supreme Court held, "any fiduciary claims arising out of the same facts that underlie the contract obligations would be foreclosed as superfluous." *Nemec*, 991 A.2d at 1129. While Plaintiffs may be correct that fiduciary duties can be owed in an LLC context, any such fiduciary duties are not at issue here. Their allegations show that the breaches of fiduciary duties cited by the Plaintiffs in their Complaint (D.I. 1 ¶¶54(a)-(e)) arise directly from the contractual relationship between the parties. While Plaintiffs maintained at oral argument that the misappropriation of the money by Defendants was a distinct harm not deriving from the contract, in their own breach of contract allegations, Plaintiffs cite "misappropriating monies" as one of the breaches of the contract. (D.I. 1. ¶ 67). Therefore, their argument is contrary to their own pleadings. I do not find it persuasive.

Although Defendants Boyer, Plasco, and Pickett are not parties to the breach of contract claim, as long as the breach arises from the same set of facts as the contractual dispute, it is barred. *See AM General Holdings LLC on behalf of Ilshar Capital LLC v. Renco Group, Inc.*, 2013 WL 5863010, at *11 (Del. Ch. 2013) (finding *Nemec* prevented the plaintiff from bringing a breach of fiduciary duty claim that arose from the same facts as the breach of contract claim, even when the breach of contract allegations were not asserted against the parties in the breach of fiduciary duty claim). Thus, I grant Defendants' motion to dismiss Count II.

### C. Count III: Conversion

Plaintiffs have agreed not to pursue their conversion claim. Therefore, I grant Defendants' motion to dismiss Count III.

### D. **Lack of Personal Jurisdiction over Individual Defendants**

Defendants seek to dismiss claims against individual Defendants, David Boyer, Joel Plasco, and Paul Michael Pickett due to lack of personal jurisdiction. (D.I. 43 at 13). Plaintiffs commenced this action in the Southern District of Florida and framed the Complaint to establish personal jurisdiction with respect to that venue. (*Id.* at 14). Defendants thus argue Plaintiffs have not satisfied their burden to show personal jurisdiction in Delaware over the individual Defendants. *Id*.

Plaintiffs contend the individual Defendants are estopped from asserting lack of personal jurisdiction, as it was waived when Defendants asked for a transfer. (D.I. 44 at 11-12). For their argument, Plaintiffs primarily rely on *Kershner v. Komatsu Ltd*, 2019 WL 1359247 (W.D. Pa. Mar. 26, 2019). In *Kershner*, the defendant joined a § 1404(a) motion to transfer the case to another district. *Id.* at *2. After the case was transferred, the defendant sought to assert lack of personal jurisdiction in the new district. *Id*. The court found the defendant was estopped from asserting this defense for three reasons: (1) the defendant joined in the § 1404(a) motion to transfer, (2) the defendant waived this defense by failing to assert it in his first pre-answer motion seeking transfer, and (3) the defendant consented to jurisdiction in the new venue by "sufficient participation in the litigation," including answering the complaint. *Id*. at *2-3. Plaintiffs argue that, because Defendants specifically sought the transfer to Delaware, they are

7

estopped from arguing lack of personal jurisdiction.  (D.I. 44 at 13).  When deciding to transfer this case, the district judge noted Boyer, Picket, and Plasco "likely are estopped from asserting a lack of personal jurisdiction in Delaware." (D.I. 30 at 6).

In their reply, Defendants argue *Kershner* is "inapposite" to this case.  (D.I. 45 at 7). Defendants seek to distinguish the case based the fact that the second and third reasons for estoppel, the failure to assert the Rule 12(b)(2) defense with the initial transfer motion and filing an answer, did not occur here.  *Id*.  Defendants further contend they did not file a § 1404(a) motion, but rather "acknowledged that the court had the authority and discretion to transfer the case to this Court" when asking the court to dismiss.  *Id*.

Defendants' argument is not persuasive.  In their own brief filed in the Southern District of Florida, Defendants specifically asked the court to dismiss, "or in the alternative, transfer" to Delaware pursuant to the forum-selection clause.  (D.I. 28 at 5).  While Defendants may not have specifically filed a separate motion to transfer, they nonetheless asked for a transfer pursuant to the forum selection clause.

The second and third reasons for estoppel present in *Kershner* are not present in this case, but the first reason, specifically asking the transferor court for a transfer, is present.  (*See id*. at 5).  Thus, the reasoning of *Kershner* is persuasive.  Judicial estoppel "prevents a party from taking inconsistent positions that in combination indicate that either the initial or subsequent court has been misled." *Kershner*, 2019 WL 1359247, at *5-6.  Defendants, by specifically asking the transferor court for a transfer, previously took the position that transfer to Delaware was appropriate.  (D.I. 28 at 5).  Now, Defendants argue there is no personal jurisdiction over the individual Defendants in Delaware.  These inconsistent positions result in a Catch-22.  There is

no venue in Florida because of the forum selection clause and no venue in Delaware because of lack of personal jurisdiction. By this logic, the individual Defendants cannot be sued anywhere.

Further, in the oral argument, Defendants conceded the district judge in the transferor court did not abuse her discretion in transferring the case to this Court. The law of the case doctrine applies to transfer decisions, which should not be reconsidered except in unusual circumstances. *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 170 (3d Cir. 1982) (determining it was improper for the transferee court to independently examine the transferor court's § 1406(a) decision). Thus, this is not one of the unusual circumstances where the previous transfer decision must be reconsidered by this court. I find Defendants are estopped from asserting lack of personal jurisdiction.

### III.     CONCLUSION

For reasons set forth above, I grant Defendants' motion to dismiss Counts I, II, III, and V. For Counts I and V, I grant Plaintiffs' motion for leave to amend. Plaintiffs shall file an amended complaint within fourteen days. I find Boyer, Pickett, and Plasco, the individual Defendants, are estopped from asserting lack of personal jurisdiction.

IT IS SO ORDERED this 9th day of June 2020.

                                                                             /s/ Richard G. Andrews      
                                                                              United States District Judge