## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORBIS OPPORTUNITY FUND, LP and<br>ORBIS OPPORTUNITY FUND (CAYMAN),<br>LP, | )<br>)<br>) | |
|        Plaintiffs, | )<br>)<br>) | C.A. No. 20-cv-40-RGA |
| v. | )<br>) | |
| DAVID ALAN BOYER, SAVANNA<br>LEASING LLC, and ODYSSEY<br>ENGINES, LLC, | )<br>)<br>)<br>) | |
|        Defendants. | )<br>) | |

**<u>ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT</u>**

The defendant, David Alan Boyer, solely on his own behalf, and not in his capacity as a member or director of any company listed as a defendant in this action, or in his capacity as a member or director of any other company, by and through undersigned counsel, answers the Amended Complaint submitted by the plaintiffs, Orbis Opportunity Fund, LP and Orbis Opportunity Fund (Cayman), and asserts affirmative defenses to the Amended Complaint, as follows:

**ANSWER**

    1.    Boyer lacks sufficient knowledge of the facts alleged in paragraph 1, and therefore denies same.

    2.    Boyer lacks sufficient knowledge of the facts alleged in paragraph 2, and therefore denies same.

    3.    Boyer denies the facts alleged in paragraph 3.

4.  Paragraph 4 is not directed at Boyer; therefore, no answer is required. To the extent that Plaintiffs intended to direct any allegations against Boyer in this paragraph, Boyer denies them.

5.  Paragraph 5 is not directed at Boyer; therefore, no answer is required. To the extent that Plaintiffs intended to direct any allegations against Boyer in this paragraph, Boyer denies them.

6.  Paragraph 6 is not directed at Boyer; therefore, no answer is required. To the extent that Plaintiffs intended to direct any allegations against Boyer in this paragraph, Boyer denies them.

7.  Boyer denies the facts alleged in paragraph 7, to the extent the facts in paragraph 7 are directed at him.

8.  In response to the facts alleged in paragraph 8, Boyer admits only that he consents to jurisdiction in this forum.

9.  In response to the facts alleged in paragraph 9, Boyer admits only that he consents to jurisdiction in this forum.

10. In response to the facts alleged in paragraph 10, Boyer admits only that he consents to venue in this forum.

11. Boyer admits the facts alleged in paragraph 11.

12. In response to the facts alleged in paragraph 12, Boyer admits he met with Shishlyannikov and Ordonneau in Miami, Florida at the Odyssey Engines facility. Boyer further admits he has conducted business through some of the entities identified in the paragraph. Boyer denies as phrased the remaining facts alleged in paragraph 12.

13. Boyer admits the facts alleged in paragraph 13.

14. In response to the facts alleged in paragraph 14, Boyer admits that at the 2017 meeting, he introduced himself as the CEO of Odyssey, and provided information to Shishlyannikov and Ordonneau relative to his and Odyssey's background in the aviation industry. Boyer denies the remaining facts alleged in paragraph 14.

15. In response to the facts alleged in paragraph 15, Boyer admits that as part of the introductory meeting, he toured the Odyssey facilities with Shishlyannikov and Ordonneau, and spoke about certain of the companies and opportunities for investing. Boyer lacks sufficient knowledge as to the remaining facts alleged in paragraph 15, and therefore denies same.

16. In response to the facts alleged in paragraph 16, Boyer admits that he told Shishlyannikov and Ordonneau that Odyssey, through its subsidiaries, was managing 65 engines, worth approximately $70 million, and that he discussed the possibility of Orbis investing in commercial aviation engines that Odyssey or an affiliated entity would purchase from third parties for the benefit of a joint venture, which would own the engines, and that would be placed on lease and managed by Odyssey or an affiliated entity. Boyer is without knowledge as to whether or to what extent Plaintiffs were induced by his remarks, and therefore denies those facts alleged in paragraph 16.

17. Boyer lacks sufficient knowledge of the facts alleged in paragraph 17, and, therefore, he denies them.

18. Paragraph 18 is not directed at Boyer; therefore, no response is required.

19. Paragraph 19 is not directed at Boyer; therefore, no response is required.

20. Paragraph 20 is not directed at Boyer; therefore, no response is required.

21. Paragraph 21 is not directed at Boyer; therefore, no response is required.

22. Paragraph 22 is not directed at Boyer; therefore, no response is required.

23. In response to the facts alleged in paragraph 23, Boyer denies that Orbis tendered any funds to him directly in June 2017. The remaining facts in paragraph 23 are not directed at Boyer; therefore, no response is required.

24. Paragraph 24 is not directed at Boyer; therefore, no response is required.

25. Paragraph 25 is not directed at Boyer; therefore, no response is required.

26. Paragraph 26 is not directed at Boyer; therefore, no response is required.

27. Paragraph 27 is not directed at Boyer; therefore, no response is required.

28. In response to the facts alleged in paragraph 28, Boyer denies he is a member of Savanna Leasing LLC. The remaining facts alleged in paragraph 27 are not directed at Boyer; therefore, no response is required.

29. In response to the facts alleged in paragraph 29, Boyer denies he was personally required to pay Plaintiffs any lease revenues. The remaining facts alleged in paragraph 29 are not directed at Boyer; therefore, no response is required.

30. Boyer denies the facts alleged in paragraph 30, to the extent the facts are alleged against him personally.

31. In response to the facts alleged in paragraph 31, Boyer admits he discussed with Plaintiffs the idea that JMD Aviation would purchase Plaintiffs' interest in the Juno joint venture entities, and negotiated the terms of a proposed purchase agreement for that proposed transaction.

32. In response to the facts alleged in paragraph 32, Boyer denies he was personally required to pay Plaintiffs any lease revenues. The remaining facts alleged in paragraph 32 are not directed at Boyer; therefore, no response is required.

33. Boyer denies the facts alleged in paragraph 33, to the extent the facts are alleged against him personally.

34. In response to the facts alleged in paragraph 34, Boyer admits he negotiated a loan from Preferred Bank to purchase engines from JMD Aviation Holdings, LLC, a company that was different than the "JMD Aviation" company Plaintiffs referenced in paragraph 31. Boyer denies the remaining facts alleged in paragraph 34, to the extent the facts are alleged against him personally, and further generally denies the facts alleged in paragraph 34, to the extent Plaintiffs are using the facts alleged in paragraph 34 to support their infirmed claim Boyer is engaged in a "Ponzi scheme."

35. In response to the facts alleged in paragraph 35, Boyer denies that he personally borrowed funds from Synovus Bank, and therefore denies he was responsible personally to make payments to Synovus Bank. Boyer further generally denies the facts alleged in paragraph 35, to the extent Plaintiffs are using the facts alleged in paragraph 35 to support their infirmed claim Boyer is engaged in a "Ponzi scheme." The remaining specific facts alleged in paragraph 35 are not directed at Boyer personally; therefore, no response is required.

36. In response to the facts alleged in paragraph 36, Boyer denies the specific facts alleged in paragraph 36, to the extent the facts are alleged against him personally. Boyer further generally denies the facts alleged in paragraph 36, to the extent Plaintiffs are using the facts alleged in paragraph 36 to support their infirmed claim Boyer is engaged in a "Ponzi scheme."

37. In response to the facts alleged in paragraph 37, Boyer denies the specific facts alleged in paragraph 37, to the extent the facts are alleged against him personally. Boyer further generally denies the facts alleged in paragraph 37, to the extent Plaintiffs are using the facts alleged in paragraph 37 to support their infirmed claim Boyer is engaged in a "Ponzi scheme."

38. Boyer denies the facts alleged in paragraph 38, to the extent the facts are alleged against him personally.

39. In response to the facts alleged in paragraph 39, Boyer admits two of the engines were sold. Boyer denies the remaining allegations of paragraph 39, to the extent the facts are alleged against him personally.

40. Boyer denies the facts alleged in paragraph 40, to the extent the facts are alleged against him personally.

41. Boyer denies the facts alleged in paragraph 41, to the extent the facts are alleged against him personally.

### FIRST CAUSE OF ACTION

42. Boyer incorporates his answers to paragraphs 1 through 41 as his answer to paragraph 42.

43. In response to the facts alleged in paragraph 43, Boyer admits that he told Shishlyannikov and Ordonneau that Odyssey, through its subsidiaries, was managing 65 engines, worth approximately $70 million. Boyer is without knowledge as to whether or to what extent Plaintiffs were induced by his remarks, and therefore denies those facts alleged in paragraph 43. Boyer denies the remaining allegations of paragraph 43, to the extent the facts are alleged against him personally.

44. In response to the facts alleged in paragraph 44, Boyer admits only that he discussed with Shishlyannikov and Ordonneau information relating to the proposed joint venture, and that he assisted in the negotiation of the Limited Liability Company Agreements, which memorialized the information contained in his discussions with Shishlyannikov and Ordonneau. The remaining facts are not directed at Boyer personally; therefore, no response is required.

45. Boyer denies the facts alleged in paragraph 45, to the extent the facts of paragraph 45 are directed to him personally.

46. Boyer denies the facts alleged in paragraph 46, to the extent the facts of paragraph 46 are directed to him personally.

47. Boyer denies the facts alleged in paragraph 47, to the extent the facts of paragraph 47 are directed to him personally.

48. Paragraph 48 is not directed at Boyer; therefore, no response is required.

49. Boyer denies the facts alleged in paragraph 49, to the extent the facts of paragraph 49 are directed to him personally.

50. Boyer denies the facts alleged in paragraph 50, to the extent the facts of paragraph 50 are directed to him personally.

51. Boyer denies the facts alleged in paragraph 51, to the extent the facts of paragraph 51 are directed to him personally.

52. Boyer lacks sufficient knowledge regarding whether Plaintiffs would have entered into the Juno ventures, and therefore denies those allegations. Boyer denies the remaining facts alleged in paragraph 52, to the extent the facts of paragraph 52 are directed to him personally.

53. Boyer lacks sufficient knowledge regarding the extent of Plaintiffs' beliefs, and therefore denies those allegations. Boyer admits he gave Shishlyannikov and Ordonneau a tour of Odyssey's facilities. Boyer denies the remaining facts alleged in paragraph 53, to the extent the facts of paragraph 53 are directed to him personally.

54. Boyer denies the facts alleged in paragraph 54, to the extent the facts of paragraph 54 are directed to him personally.

55. Boyer denies the facts alleged in paragraph 55, to the extent the facts of paragraph 55 are directed to him personally.

56. Boyer denies the facts alleged in paragraph 56, to the extent the facts of paragraph 56 are directed to him personally.

57. Boyer denies the facts alleged in paragraph 57, to the extent the facts of paragraph 57 are directed to him personally.

58. Boyer denies the facts alleged in paragraph 58, to the extent the facts of paragraph 58 are directed to him personally.

### SECOND CAUSE OF ACTION

59. Boyer incorporates his answers to paragraphs 1 through 41 as his answer to paragraph 59.

60. Paragraph 60 is not directed at Boyer; therefore, no response is required.

61. Paragraph 61 is not directed at Boyer; therefore, no response is required.

62. Paragraph 62 is not directed at Boyer; therefore, no response is required.

63. Paragraph 63 is not directed at Boyer; therefore, no response is required.

64. Paragraph 64 is not directed at Boyer; therefore, no response is required.

65. Paragraph 65 is not directed at Boyer; therefore, no response is required.

### THIRD CAUSE OF ACTION

66. Boyer incorporates his answers to paragraphs 1 through 41 as his answer to paragraph 66.

67. In response to the facts alleged in paragraph 67, Boyer admits that he told Shishlyannikov and Ordonneau that Odyssey, through its subsidiaries, was managing 65 engines, worth approximately $70 million. Boyer is without knowledge as to whether or to what extent Plaintiffs were induced by his remarks, and therefore denies those facts alleged in paragraph 67.

Boyer denies the remaining allegations of paragraph 67, to the extent the facts are alleged against him personally.

68. In response to the facts alleged in paragraph 68, Boyer admits only that he discussed with Shishlyannikov and Ordonneau information relating to the proposed joint venture, and that he assisted in the negotiation of the Limited Liability Company Agreements, which memorialized the information contained in his discussions with Shishlyannikov and Ordonneau. The remaining facts are not directed at Boyer personally; therefore, no response is required.

69. Boyer denies the facts alleged in paragraph 69, to the extent the facts of paragraph 69 are directed to him personally.

70. Boyer denies the facts alleged in paragraph 70, to the extent the facts of paragraph 70 are directed to him personally.

71. Boyer denies the facts alleged in paragraph 71, to the extent the facts of paragraph 71 are directed to him personally.

72. Boyer denies the facts alleged in paragraph 72, to the extent the facts of paragraph 72 are directed to him personally.

73. Boyer lacks sufficient knowledge regarding whether Plaintiffs would have entered into the Juno ventures, and therefore denies those allegations. Boyer denies the remaining facts alleged in paragraph 73, to the extent the facts of paragraph 73 are directed to him personally.

74. Boyer denies the facts alleged in paragraph 74, to the extent the facts of paragraph 74 are directed to him personally.

75. Boyer denies the facts alleged in paragraph 75, to the extent the facts of paragraph 75 are directed to him personally.

76. Boyer denies the facts alleged in paragraph 76, to the extent the facts of paragraph 76 are directed to him personally.

## FOURTH CAUSE OF ACTION

77. Boyer incorporates his answers to paragraphs 1 through 41 as his answer to paragraph 77.

78. Boyer denies the facts alleged in paragraph 78, to the extent the facts of paragraph 78 are directed to him personally.

79. Boyer denies the facts alleged in paragraph 79, to the extent the facts of paragraph 79 are directed to him personally.

80. Boyer denies the Plaintiffs are entitled to the damages sought in the First and Second Causes of Action, and to the equitable relief sought in the Fourth Cause of Action. All allegations not specifically admitted herein are denied.

WHEREFORE, the defendant, David Alan Boyer, demands that judgment be entered in his favor and against the plaintiffs, and that the defendant be awarded the costs of suit herein, and such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' misrepresentation claims fail to state causes of action.

2. As to any alleged misrepresentation claim that is not based on the statement that Odyssey was managing a portfolio of engines, those claims, as alleged, are based on statements that are actually terms of the Limited Liability Company Agreements. Therefore, Plaintiffs' tort claims against Boyer for misrepresentation cannot lie.

3. The "gist of the action," as alleged by Plaintiffs in their Amended Complaint, is that Plaintiffs are claiming the parties to the Limited Liability Company Agreements failed to

comply with their contractual obligations. Accordingly, the Plaintiffs are barred from bringing misrepresentation claims against Boyer.

4.     As alleged by Plaintiffs in their Amended Complaint, the misrepresentation allegations relate solely to the performance by the parties of their obligations under the Limited Liability Company Agreements. Accordingly, the Plaintiffs are barred from bringing misrepresentation claims against Boyer.

5.     As to the one statement attributed directly to Boyer, he made that statement with a genuine belief in its truth. Therefore, the Plaintiffs have no actionable statement that could form the basis of either a fraudulent or negligent misrepresentation claim against Boyer.

6.     As to the one statement attributed directly to Boyer, that statement was immaterial to Plaintiffs' decision to invest in the joint ventures. Therefore, the Plaintiffs have no actionable statement that could form the basis of either a fraudulent or negligent misrepresentation claim against Boyer.

7.     As to the one statement attributed directly to Boyer, any reliance by Plaintiffs on that statement neither directly nor proximately caused them harm. Therefore, the Plaintiffs have no actionable statement that could form the basis of either a fraudulent or negligent misrepresentation claim against Boyer.

8.     The Plaintiffs' misrepresentation claims are barred by the economic loss doctrine, as their claims sound solely in contract.

9.     Boyer reserves the right to assert additional defenses as discovery progresses in this case.

Dated: July 8, 2020

Respectfully submitted,

MACAULEY LLC

     /s/ Thomas G. Macauley
Thomas G. Macauley (No. 3411)
300 Delaware Ave., Suite 1018
Wilmington, DE  19801
(302) 656-0100

-and-

BECKER & POLIAKOFF, P.A.
Jude C. Cooper
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 987-7550
JCooper@beckerlawyers.com
ECuellar@beckerlawyers.com

Attorneys for Defendants